UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DWAYNE MILLER,                    )
                                  )
           Petitioner,            )
                                  )
vs.                               )        No. 4:09CV1385  HEA
                                  )
MICHAEL BOWERSOX,                 )
                                  )
           Respondent.            )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, of

Magistrate Judge David D. Noce's recommendation that the Petition for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1], be denied.

Petitioner has filed lengthy written objections to the Report and Recommendation.

When a party objects to the magistrate judge's report and recommendation, the

Court must conduct a *de novo* review of the portions of the report, findings, or

recommendations to which the party objected.  See *United States v. Lothridge*, 324

F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)).  Pursuant to 28 U.S.C.

§ 636, the Court will therefore conduct a *de novo* review of those portions of the

Report and Recommendation to which Petitioner objects.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §

2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners

after the statute's effective date of April 24, 1996.  When reviewing a claim that

has been decided on the merits by a state court, AEDPA limits the scope of

judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a state court shall not be granted
> with respect to any claim that was adjudicated on the merits in state
> court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or
> > involved an unreasonable application of, clearly
> > established federal law, as determined by the Supreme
> > Court of the United States; or
> >
> > (2) resulted in a decision that was based on an
> > unreasonable determination of the facts in light of the
> > evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v.*

*Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by [the U.S. Supreme Court] on a question of law or if the state court
> decides a case differently than [the U.S. Supreme Court] has on a set
> of materially indistinguishable facts. Under the 'unreasonable
> application' clause, a federal habeas court may grant the writ if the
> state court identifies the correct governing legal principle from [the
> U.S. Supreme Court's] decisions but unreasonably applies that
> principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13.  Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."  *Williams*, 529 U.S. at 409.

### Discussion

Petitioner objects to the Report and Recommendation of Judge Noce on the following grounds, which are the same grounds as he presented in his Petition;

Ground One:

> The Magistrate Judge was not sensitive to the *Batson* issues and did not consider the totality of the circumstances as it relates to the trial court sustaining the state's *Batson* challenge to Petitioner's peremptory strike of a white juror.

Ground Two:

> Magistrate Judge Noce was in error in ruling that Petitoner was procedurally barred from raising an error by the trial court in overruling a *Batson* challenge to the state's peremptory strike of two African -American jurors.

Ground Three:

> Judge Noce erred in ruling no basis for relief relative the Brady allegation as it relates to the findings of fact the conclusions by the state court and that same were reasonable applications of federal law.

Ground Four:

> Judge Noce erred in finding that the state courts reasonably applied federal

- 3 -

law in concluding and finding trial counsel did not provide constitutionally ineffective assistance of counsel in not investigating and requesting any police reports or copies of photo spreads shown to witnesses the night of the murder.

Ground Five:

> Magistrate Judge Noce erred in his Report and Recommendation by concluding counsel was not constitutionally ineffective for failing to call Detective Rodebaugh as a potential witness.

On August 29, 2003 a jury in the Twenty-Second Judicial Circuit, the Circuit Court of the City of St. Louis, found petitioner guilty of one count of first degree murder, one count of armed criminal action, and one count of first degree attempted robbery.  (Doc. 14, Ex. L at 71-73).

Thereafter, on October 24, 2003 Petitioner was sentenced to life imprisonment as to the first degree murder count, 25 years for armed criminal action, and 15 years for attempted first degree robbery.  The sentences were to be served concurrently. (*Id*. at 99-101).

Petitioner filed appeal and on January 11, 2005, The Missouri Court of Appeals affirmed the conviction of petitioner . *State v. Miller*, 162 S. W. 3d 7 (Mo. App. E. D. 2005); (Doc. 14, Ex. Q).  Subsequent thereto, on August 5, 2005 petitioner filed his motion for post conviction relief pursuant to Missouri Supreme Court Rule 29.15. (Doc. 11, Ex. A at 4-11).  Hearings were conducted on

November 16 and November 30, 2007. (*Id*., Ex. B. at 1-63).  Thereafter, on March

18, 2008, the Circuit Court denied the motion for post-conviction relief. (*Id*., Ex.A

at 138-48).  The Missouri Court of Appeals affirmed the Circuit Court decision on

March 10, 2009.  (*Id*., Ex. E) (summary opinion and supplemental memorandum).

     Petitioner argues that  Judge Noce was in error and did not consider the

totality of the circumstances surrounding the exercise of the peremptory strike by

the defense of venireperson Visintainer. Judge Noce thoroughly discusses the

arguments made by Petitioner and the law applicable to same. The review by

Judge Noce is impeccable and Petitioner has failed to present to the Court any

misstatements of law or fact reflective of a failure on the part of Judge Noce to be

in compliance with the law applicable in such habeas petitions.

     Petitioner's assessment of error on the part of Judge Noce regarding his

ruling relating to the assertion there was error in the state court's failure to sustain

his *Batson* challenge of the state's strikes of two black venirepersons, Shirley

Alexander and Amazie McCain, is also devoid of any substance or support in the

law or facts in the record. Upon *de novo* review of same, there is nothing to deny

the sound resolution of this point by Judge Noce.

     Petitioner asserted in Ground Three that there was a *Brady* violation

committed by the state in the failure to disclose all relevant photo spreads, namely

one related to a purported photo display to witnesses the evening of the crime.

Upon review of the Report and Recommendation, the hearing on the post

conviction relief motion, and the ruling by the Missouri court of Appeals on this

point the record is again empty of any aspect to suggest that Judge Noce was in

error in ruling the state courts' findings were reasonable applications of the law,

which is the entire authority of the court when reviewing these rulings under 28 U.

S. C. § 2254.

In Grounds Four and Five, Petitioner reiterates his original claims in

objecting that the finding of no constitutionally ineffective counsel by Judge Noce

was in error. In *Strickland*, the inquiry focuses around whether counsel's

performance "fell below an objective standard of reasonableness." *Strickland v.

Washington*, 466 U.S. 668, 687-88 (1984).  The defendant must also establish

prejudice by showing "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. *Id.*,

at 694.

Both parts of the *Strickland* test must be met in order for an ineffective

assistance of counsel claim to succeed.  *Anderson v. United States,* 393 F.3d 749,

753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005).  The first part of the test requires

a "showing that counsel made errors so serious that counsel was not functioning as

the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*  Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*  The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005).  If the underlying claim would have been rejected, counsel's performance is not deficient.  *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996).  Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error.  *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.  When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir.

2006).

Judge Noce painstakingly reviewed the applicable law for these claims and rigorously assessed the application of the law to the circumstances touching both Ground Four and Five. As such, this Court agrees that the state court findings are not contrary to, nor were they an unreasonable application of, federal law.

## Conclusion

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects.  The Court has reviewed the trial record, the Missouri court rulings, opinions and decisions.  It has further reviewed all pleadings, motions and memoranda before it.   The Court finds that the Report and Recommendation sets forth a very thorough, correct and scholarly analysis of the issues raised in the Petition.  Petitioner's objections to the Report and Recommendation are without merit and are denied in their entirety.  The Court, concluding its review under AEDPA,  will adopt the Recommendation of Judge Noce that the Petition be denied.

## <u>Certificate of Appealablity</u>

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2).  A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).   This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.  A Certificate of Appealability will therefore not be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 17th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

- 9 -